J-S66008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTON SWEENEY | : | |
| | : | |
| Appellant | : | No. 333 EDA 2017 |

Appeal from the Judgment of Sentence September 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007479-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED DECEMBER 19, 2018**

Appellant, Anton Sweeney, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for aggravated assault, simple assault, recklessly endangering another person ("REAP"), and terroristic threats.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]  Procedurally, we add the court ordered Appellant on February

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, 2706(a)(1), respectively.

[2] Appellant filed post-sentence motions on September 23, 2016, and a premature notice of appeal on January 24, 2017, before the court ruled on the post-sentence motions.  The post-sentence motions were denied by operation of law on January 25, 2017.  Thus, Appellant's appeal relates forward to

7, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on February 24, 2017.

Appellant raises the following issues for our review:

[WHETHER THE] EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT AS A MATTER OF LAW TO FIND [APPELLANT] GUILTY BEYOND A REASONABLE DOUBT[?]

[WHETHER] THE VERDICT RENDERED WAS AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL[?]

(Appellant's Brief at 3).[3]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Roxanne E. Covington, we conclude Appellant's issues merit no relief. The trial court

_____

January 25, 2017, and there are no jurisdictional impediments to our review. *See Commonwealth v. Borrero*, 692 A.2d 158 (Pa.Super. 1997) (explaining general rule that if defendant files timely post-sentence motion, judgment of sentence does not become final for purposes of appeal until trial court disposes of motion or motion is denied by operation of law). *See also Commonwealth v. Ratushny*, 17 A.3d 1269, 1271 n.4 (Pa.Super. 2011) (explaining if court denies appellant's post-sentence motion following filing of premature notice of appeal, Superior Court will treat appellant's premature notice of appeal as having been filed after entry of order disposing of post-sentence motion).

[3] In his Rule 1925(b) statement, Appellant challenges the sufficiency of the evidence as to all of his convictions. In his argument, however, Appellant appears to challenge only the sufficiency of the evidence regarding his aggravated assault conviction and fails to develop any argument concerning his remaining convictions. Therefore, Appellant waives any challenge to the sufficiency of evidence as to his remaining convictions. *See Commonwealth v. Beshore*, 916 A.2d 1128 (Pa.Super. 2007) (*en banc*), *appeal denied*, 603 Pa. 679, 982 A.2d 509 (2007) (stating failure to develop adequate argument in appellate brief may result in waiver of claim).

opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed February 20, 2018, at 4-8) (finding: **(1)** Victim's testimony indicated Appellant knew what he was doing when he repeatedly struck Victim; Victim said his jaw was broken and showed Appellant that Victim was bleeding, but Appellant thought Victim bit his own tongue and continued to hit Victim; combination of perceived disrespect by Appellant, Appellant's repeated threats of violence masked as discipline, obvious advantage in age, weight, and size of Appellant over Victim, along with Appellant's words that more violence would follow if Victim did not show Appellant respect, elevated attack to level of aggravated assault; additionally, Victim suffered multiple fractures, including fractures in his jaw, hand, chest, and neck; following attack, Victim's food intake was limited, and he could not move his jaw without pain for several months; under these circumstances, Appellant should have reasonably anticipated that punching and choking Victim, who is one foot shorter and weighs sixty pounds less than Appellant, could cause serious bodily injury to Victim; **(2)** fact-finder found testimony of Victim and Victim's sister credible and gave that testimony more weight than testimony of defense witness; in light of trial evidence, it does not shock court's sense of justice that fact-finder weighed evidence against Appellant and in favor of conviction). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/18</u>

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA-PHILADELPHIA
## TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA   :     CP-51-CR-0007479-2015

             :

         v.            :

             :

ANTON SWEENEY          :      333 EDA 2017

**O P I N I O N**

CP-51-CR-0007479-2015 Comm. v. Sweeney, Anton
Opinion

8071669401

COVINGTON, J.

On May 1, 2015, Anton Sweeney, hereinafter Appellant was arrested and charged with Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, and Terroristic Threats. The charges arose from an incident occurring on May 1, 2015. On May 6, 2016, after a non-jury trial[1], Appellant was found guilty of all charges and sentenced to 4 ½ - 9 years of state incarceration. A timely appeal followed.

Instantly the Appellant claims the following points of error:

I.      The evidence was insufficient as a matter of law to establish the defendant's guilt beyond a reasonable doubt on all charges particularly Aggravated Assault F1. Petitioner lacked the requisite intent to cause serious bodily injury. His action did not rise to the level of recklessness required for an F1 Aggravated Assault. There was no evidence of a disregard for the value of human life based on the testimony at trial.

II.      The verdict was against the weight of the evidence. The evidence presented at trial failed to meet the elements fo the crime of Aggravated Assault. There was no intent o cause serious bodily injury. Petitioner's behavior was not so reckless that the evidence showed there was the disregard for the value of human life.

Appellant's Pa. R.A.P. 1925(b) Statement.

---

[1] 18 § 2702, 18 § 2701, 18 § 2705, 18 § 2706

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA
2018 FEB 20 PM 2:26
FILED

As will be discussed below, these claim are without merit.  Accordingly, no relief is due.

## I.  FACTUAL HISTORY

On May 1, 2015 an argument occurred between Appellant and his step-son MGK  at their shared home.  Notes of Testimony ("N.T."), 05/06/2016, at 12-13.  Early morning, around 6:00 or 7:00 AM, MGK retrieved a snack from a cabinet whilst standing on the table.  *Id.* at 13.  MGK ignored Appellant as he tried to chastise him for his behavior.  *Id.*  MGK went to school and returned home after school.  *Id.*

That afternoon after his return from school, Appellant went to MGK's bedroom and confronted him about his apparent disrespectful attitude towards his mother.  *Id.* at 14.  Appellant walked into the room where MGK was watching Netflix on his phone.  *Id.*  Appellant then proceeded to grab the phone where a "tug of war" ensued and Appellant ended up with the phone.  *Id.*  He then threatened MGK by stating "every day that you don't apologize to your mother, I'm giving you a beat down."  *Id.*  At the time of the altercation. Appellant was thirty-two (32) years of age, six feet tall (6'0), and weighed one hundred sixty (160) pounds.  *Id.* at 66-67.  MGK was sixteen (16) years old, five foot one inch tall (5'1") and weighed one hundred four (104) pounds.  *Id.* at 41.  Appellant then climbed up the ladder to the top bunk where MGK was sitting and punched MGK on his face and neck with a half-closed fist.  *Id.* at 14.  MGK then approached Appellant with balled up fists, held at his side.  Appellant proceeded to punch MGK in the chest 4 to 5 times.  *Id.*  At this point, MGK's sister  DGK  attempted to separate the Appellant from his step-son.  *Id.* at 14, 33.  MGK grabbed a golf club from his closet and swung it at the Appellant.  *Id.* at 15.  He was unable to connect with the golf club but was able to land a punch on the right side of the Appellant's face.  Appellant then grabbed MGK and began to choke

2

him. *Id.* at 15, 33-34. In order to get out of the choke, MGK collapsed to the ground and struck his head on the floor. *Id.* Appellant then punched MGK and broke his jaw. *Id.* at 16, 40. MGK repeatedly yelled out that his jaw was broken. *Id.* at 16-17. At this point, DGK tried to run back into the bedroom was stopped by her mother. She ran away and was followed by her mother. *Id.* at 16. Appellant then throws MGK backed onto the ground and continued to punch him in the back four or five times. *Id.* at 17. Appellant's wife returned and tried to administer first-aid to MGK by giving him a towel and putting him in the bathroom. *Id.* at 18. Her attention was split between the bathroom where MGK was bleeding, and the front door where DGK ran away. *Id.* at 18. Appellant continued to threaten MGK. He was finally able to get out of the house and have a neighbor call the police. *Id.* MGK was rushed to the Children's Hospital of Philadelphia where he was diagnosed with a fractured jaw, fractured right hand, as well as fractures on the left side of his chest and neck. *Id.* at 40-41. MGK was unable to close his jaw without pain and unable to eat anything other than soft foods and broth for about two months. *Id.* at 20. He was in and out of the hospital for about one and one half moths after this incident. *Id.* at 20-21. DGK testified and corroborated significant portions of MGK's testimony and version of events. *See, id.* at 31-39.

At trial, Appellant testified on his own behalf. He admitted to trying to discipline MGK and punching him in his kneecap, not to hurt him but to give him a warning. *Id.* at 51. Appellant testified that at this point MGK got off his bed and backed Appellant into the doorway where they proceeded to push each other. *Id.* Per Appellant, MGK took a swing at Appellant, and Appellant was forced to defend himself and punched MGK in his shoulder. *Id.* MGK then charged at Appellant where Appellant was forced to defend himself by punching MGK in the chest. It is at this point that Appellant contends that MGK retrieved a golf club and swung it at him. Appellant

3

avoided the blow for the most part and returned with a punch. *Id.* at 55-56. Appellant did not believe MGK had injured himself, rather he believed that he had bitten his tongue. *Id.* at 56. Appellant then at the behest of his wife proceeds to go to the bathroom to begin to administer first aid. *Id.*

## II. PROCEDURAL HISTORY

Appellant was held for court on July 23, 2015. On May 6, 2016, the Appellant proceeded via non-jury trial and was found guilty of Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, and Terroristic Threats. On September 13, 2016 he was sentenced to 4½ (four and one-half) to 9 (nine) years of state incarceration followed by 3 (three) years of probation. Post-sentence motions were filed and expired by operation of law. The Appellant filed a timely appeal on January 24, 2017.

## III. DISCUSSION

### A. Sufficiency

Appellant first asserts that that the evidence was insufficient to sustain his conviction. The standard of review of sufficiency is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the law of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Thompson*, 93 A.3d 478, 479 (Pa. Super. 2014) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted)).

A conviction may be sustained on wholly circumstantial evidence, and the trier-of-fact – while passing on the credibility of the witness and the weight of the evidence – is free to believe all, part, or none of the evidence. *Commonwealth v. Burton*, 2 A.3d 598, 601 (Pa. Super. 2010) (quoting *Commonwealth v. Galvin*, 985 A.25d 783, 789 (Pa. 2009)). Any doubts as to a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

In the instant case, Appellant was convicted of Aggravated Assault which is defined in relevant part as follows:

> § 2702. Aggravated Assault
>
> (a) Offense Defined. – A person is guilty of aggravated assault if he:
>
>> (1) Attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.

"In evaluating the sufficiency of the evidence in a criminal case, the test to be employed is whether the finder of fact could reasonably have found that all elements of the crime charged had been proved beyond a reasonable doubt." *Commonwealth v. Richbourg*, 394 A.2d 1007, 1010 (Pa. Super. 1978). Specifically, Appellant claims that the Commonwealth did not prove the requisite intent to cause serious bodily injury nor the required level of recklessness required for an F1 Aggravated Assault. This argument is specious.

"For aggravated assault purposes, an 'attempt' is found where an 'accused who possesses the required, specific intent acts n a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.'" *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (citation omitted). "An intent ordinarily must be proven through circumstantial evidence

5

and inferred from acts, conduct or attendant circumstances." *Id.* (citations omitted). "Serious bodily injury has been defined as bodily injury which created substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* (internal citations and quotation marks omitted). Circumstances deemed probative in this inquiry have included evidence that the assailant was disproportionately larger or stronger than the victim, that the assailant had to be restrained from escalating his attack, that the assailant had a weapon or other implement to aid his attack, or that the assailant made statements before, during, or after the attack which might indicate his intent to inflict further injury. *Commonwealth v. Alexander,* 383 A.2d 887, 889 (Pa. 1978).

Here, testimony by MGK clearly supports the fact that the Appellant knew what he was doing when he repeatedly struck him. MGK informed Appellant that his jaw was broken and showed him the blood but this was not enough to convince Appellant of his injury. In fact, upon learning of the injury, Appellant believed MGK to have only bit his tongue and continued to hit and choke him. The combination of the perceived disrespect by Appellant, the repeated threats of violence masked as discipline, the obvious disparity in age, weight, and size, along with words that more violence would follow if respect was not shown elevate the attack to a level of aggravated assault. These facts satisfy the elements with sufficient evidence to support the conviction. See *Commonwealth v. Bruce,* 916 A.2d 657, 663 (Pa. Super. 2007) (evidence was sufficient to show that the defendant intended to cause serious bodily injury to victim, so as to support conviction for aggravated assault, even though defendant used his bare hands to strike victim.)

"[W]here [a] victim suffers serious bodily injury, the Commonwealth need not prove specific intent [but] need only prove [the assailant] acted recklessly under circumstances manifesting an extreme indifference to the value of human life." *Commonwealth v. Nichols,* 692

6

A.2d 181, 185 (Pa. Super. 2007). The manner and means of an attack will be considered in determining whether the requisite degree of recklessness has been proven. *Bruce*, 916 A.2d at 664. Where an assailant performs an offensive act that almost assures that injury will ensue, the requisite degree of recklessness has occurred for the purposes of aggravated assault. *Id.*

MGK suffered from multiple fractures including his jaw, hand, chest, and neck. He was limited in his food intake and unable to move his jaw without pain for several months. Under the circumstances Appellant should have reasonably anticipated that punching and choking a child that is an entire foot shorter than him and weighs sixty (60) pound less than could cause serious bodily injury to that child. As such, Appellant's claim is without merit.

**B. Weight**

Appellant next contends that the verdict was against the weight of the evidence as to the charge of Aggravated Assault. This claim should fail because the standard of review for evaluating a weight-of-the-evidence claim is well established and very narrow. *Commonwealth v. Champney*, 832 A.2d 403, 407 (Pa. 2003). Determining the weight of the evidence is reserved exclusively for the finder of fact. *Id.* at 408. Again, the finder of fact is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Id.* Thus, an appellate court can only reverse the lower court's verdict if it so contrary to the evidence presented, an appellate court will give that judge the utmost consideration when reviewing the court's determination on whether the verdict is against the weight of the evidence. *Commonwealth v. Morgan*, 913 A.2d. 906, 908 (Pa. Super. 2006). "A trial court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (2013) (internal citations omitted). A "true weight-of-the-evidence challenge concedes

7

that sufficient evidence exists to sustain the verdict but questions which evidence is believed." *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006). Moreover, a new trial should not be granted in a criminal prosecution because of a mere conflict in the testimony or because the judge, on the same facts, may have arrived at a different conclusion. *Commonwealth v. Widmer*, 744 A.2d. 745, 752 (Pa. 2000).

Here, the finder of fact chose to credit the testimony of the complainant and his sister and gave this testimony more weight than the defense witness. Considering the age, height, & weight of the defendant, the medical records, and the credibility of DGK, it is not shocking to one's sense of justice for the fact-finder to have weighed the evidence in such a manner. For the foregoing reasons, the Appellant's claims that the verdict was against the weight of the evidence must also fail.

## IV. CONCLUSION

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of the Appellant's request for relief. For the reasons set forth above, the judgment of the trial court should be affirmed.

BY THE COURT:

Roxanne E. Covington
February 20, 2018

8

*Commonwealth v. Anton Sweeney*　　　　　　　　CP-51-CR-0007479-2015
　　　　　　　　　　　　　　　　　　　　　　333 EDA 2017


## AFFIDAVIT OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which serves to satisfies the requirement of Pa. R. Crim. P 114:


Defense Attorney:　　Todd Fiore, Esquire
　　　　　　　　　　834 Chestnut Street
　　　　　　　　　　Suite 206
　　　　　　　　　　Philadelphia, PA  19107


Type of Service:　　(X) First Class Mail　　　( ) Certified　　　　( ) Personal Service


District Attorney:　　Larry Goode., Esquire
　　　　　　　　　　Interim Chief, Appeals Unit
　　　　　　　　　　Philadelphia District Attorney's Office
　　　　　　　　　　Three South Penn Square
　　　　　　　　　　Philadelphia, PA  19107-3499


Type of Service:　　(X) Inter-departmental Mail　( ) Certified　　　　( ) Personal Service


Date:  February 20, 2018


Vazken A.E. Zerounian,
Law Clerk to the Honorable Roxanne E. Covington