383 A.2d 887

**COMMONWEALTH of Pennsylvania**

v.

**Steve ALEXANDER, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1977.

Decided March 23, 1978.

Defender Assn. of Phila., Benjamin Lerner, Public Defender, Elaine DeMasse, Asst. Defender, John W. Packel, Asst. Defender, Chief, Appeals Div., for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

This appeal presents the issue of whether the evidence that the victim sustained a broken nose as a result of a single blow delivered by appellant is sufficient to support

192

appellant's conviction under the Crimes Code of aggravated assault.[1] 18 Pa.C.S.A. § 2702 (1973). Appellant was tried at a bench trial and convicted of aggravated assault. Post trial motions were denied, and appellant was sentenced to nine to twenty-three months of imprisonment.

Appellant appealed to the Superior Court, which affirmed the conviction, holding that the evidence was sufficient to support the verdict. *Commonwealth v. Alexander*, 237 Pa. Super. 111, 346 A.2d 319 (1975) (Spaeth, J., dissenting, joined by Hoffman and Cercone, JJ.). For the following reasons we disagree and, therefore, reverse the order of the Superior Court affirming the judgment of sentence.

In reviewing the sufficiency of the evidence, we must view the evidence in a light most favorable to the verdict winner, in this case the Commonwealth. *Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978); *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973). A review of the record in this light discloses the following facts: On March 6, 1974, the victim was standing on the sidewalk in the 1700 block of Market Street, Philadelphia, Pennsylvania. The victim saw something coming toward his head and then was struck once in the face by appellant, using a closed fist. The victim fell to the ground but never lost consciousness. He was taken to an emergency ward where he was treated for the nose injury. An eyewitness, a taxicab driver who was parked near the scene of the incident, testified that appellant walked up to the victim and struck him in the nose and then walked away. The taxicab driver and a police officer apprehended appellant after a short chase.

The Crimes Code defines aggravated assault as follows:

A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

1. This Court's jurisdiction is based upon the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204, 17 P.S. § 211.204 (Supp.1977–78).

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa.C.S.A. § 2702(a) (1973).

"Serious bodily injury" is defined as:

Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

*Id.* § 2301. By contrast, simple assault is defined in the Crimes Code as follows:

A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

*Id.* § 2701(a).

The term "bodily injury" is defined as "impairment of physical condition or substantial pain." *Id.* § 2301.

The Commonwealth does not contend that appellant in fact inflicted serious bodily injury upon the victim. Rather the Commonwealth argues that the appellant's action in striking the victim with his fist is sufficient evidence to show that appellant intended to inflict serious bodily injury, thereby subjecting appellant to liability under the attempt provision of the aggravated assault statute. *See id* § 2702(a)(1). The Superior Court accepted this argument and stressed the fact that the blow delivered by appellant was directed at "a very vital part of the human body," the victim's head. *Commonwealth v. Alexander, supra*, 237 Pa. Super. at 115, 346 A.2d at 321.

194

■ While there can be no dispute about the physiological significance of the head, where the victim did not actually sustain the requisite serious bodily injury, we cannot say that the mere fact that a punch was delivered to that portion of the body is sufficient, *without more*, to support a finding that appellant intended to inflict serious bodily injury. Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury. Criminal intent may be proved by direct or circumstantial evidence. *Commonwealth v. Caye*, 465 Pa. 98, 348 A.2d 136 (1975); *Commonwealth v. Taylor*, 461 Pa. 557, 337 A.2d 545 (1975); *Commonwealth v. Fostar*, 455 Pa. 216, 317 A.2d 188 (1974). In the instant case, the only direct evidence of appellant's intent is his testimony to the effect that he did not intend to seriously injure the victim. Thus, any evidence of his intent to inflict serious bodily injury must be gleaned from the other circumstances surrounding appellant's attack on the victim. In this case there simply are no such circumstances to support a finding that appellant harbored the requisite intent. There is no evidence that appellant was disproportionately larger or stronger than the victim; appellant was not restrained from escalating his attack upon the victim; appellant had no weapon or other implement to aid his attack; appellant made no statements before, during, or after the attack which might indicate his intent to inflict further injury upon the victim. Appellant delivered one punch and walked away. See *Commonwealth v. Alexander, supra*, 237 Pa.Super. at 118–20, 346 A.2d at 322–23 (Spaeth, J., dissenting).

■ To accept the Commonwealth's argument in this case would be to allow an admitted simple assault to be bootstrapped up to an aggravated assault. We hasten to add that a simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault. All we

hold is that the evidence in the instant case is insufficient to support such a finding.

Accordingly we reverse the order of the Superior Court Affirming the Judgment of Sentence as to the charge of aggravated assault.

The cause is remanded to the trial court for sentencing on the charge of simple assault.

JONES, former C. J., did not participate in the consideration or decision of this case.

ROBERTS, J., did not participate in the consideration or decision of this case.