

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2007

# Christina v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Christina v. Klem" (2007). *2007 Decisions.* Paper 902.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/902

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1669

PETER CHRISTINA,

Appellant

v.

EDWARD KLEM

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 04-cv-00555)
District Judge: Hon. John E. Jones, III

Submitted under Third Circuit LAR 34.1(a)
on March 29, 2007

Before: FISHER, JORDAN and ROTH, Circuit Judges

(Filed: June 21, 2007)

OPINION

**ROTH,** Circuit Judge

Pennsylvania prisoner Peter Christina appeals from the denial of his habeas corpus

petition. We will affirm the judgment of the District Court because we find that there was

sufficient evidence at trial to support Christina's conviction.

## I.  Background and Procedural History

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to this appeal.

Petitioner Peter Christina and two co-defendants were charged with aggravated assault and related charges in the Court of Common Pleas of Luzerne County.  The charges stemmed from the beating of Christina's neighbor, who suffered multiple broken ribs, contusions, a broken leg, a collapsed lung, and a one-inch cut on his head.  Following a jury trial, Christina was convicted of one count of aggravated assault and subsequently sentenced to 90 to 240 months' incarceration.

After exhausting state remedies, Christina filed a habeas corpus petition under 28 U.S.C. § 2254 in the District Court for the Middle District of Pennsylvania.  Christina claimed that he had received ineffective assistance of counsel and that the verdict was against the weight of the evidence.  The District Court denied the petition.

We granted a certificate of appealability limited to the issue of whether there was sufficient evidence at trial to support Christina's conviction of aggravated assault.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction of Christina's habeas petition under 28 U.S.C. § 2254.  We have jurisdiction of his appeal pursuant to 28 U.S.C. §§ 1291, 2253.

Where a claim was adjudicated on the merits in state court proceedings, federal habeas court relief can be granted only where the adjudication of the claim

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

## III. Analysis

Christina argues that the evidence presented at trial was insufficient to convict him of aggravated assault. He claims that, at most, the testimony at trial showed that he was guilty of simple assault.

Under Pennsylvania law,

[a] person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . .

18 Pa. C.S.A. § 2702(a)(1).

"Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa. C.S.A. § 2301.

The Pennsylvania Supreme Court has explained that "where the victim did not actually sustain the requisite serious bodily injury . . . the charge of aggravated assault can

3

be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury . . .." *Commonwealth v. Alexander*, 383 A.2d 887, 889-90 (Pa. 1978).

The evidence in this case was that Christina knocked the victim down with a punch in the face and then kicked him in the face while he was down. Because the victim's only arguably "serious" injuries were to the trunk and legs, Christina himself – as opposed to his codefendants – may not actually have caused the "serious" injury. Nonetheless, considering the circumstances of the assault (three attackers against one victim who was soon lying on the ground), we cannot say that the evidence of Christina's acts during the assault is insufficient to support a jury finding that he *intended* to inflict serious bodily injury on his victim. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding that a petitioner is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt). The Pennsylvania courts' conclusion that there was sufficient evidence to support Christina's conviction is not objectively unreasonable or contrary to clearly established federal law.

## IV. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

4