J-S45012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRACY DEL HANNA, | |
| Appellant | No. 2046 MDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007808-2013

BEFORE:  BOWES, WECHT, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J:                    **FILED OCTOBER 09, 2015**

Tracy Del Hanna appeals from the September 24, 2014 judgement of sentence of seven and one-half years to fifteen years incarceration, which was imposed following his conviction of two counts of aggravated assault and one count each of simple assault and possession of marijuana.  We affirm.

On September 28, 2013, Appellant and Timothy Morton fought over an electric bill.  During the course of the altercation, Appellant stabbed Morton with a knife.  Morton was transported by ambulance to the emergency room and treated for a five and one-half inch deep stab wound to the buttocks. Appellant was charged with aggravated assault (serious bodily injury),

---

* Former Justice specially assigned to the Superior Court.

aggravated assault (causing bodily injury with a deadly weapon), simple assault, and possession of marijuana.

Appellant filed a post-sentence motion alleging that the jury instruction regarding aggravated assault was erroneous and warranted a new trial. The motion was denied. Appellant timely filed a notice of appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raises one issue for our review:

1. Whether the trial court committed an error of law by commingling the standards for attempting to cause serious bodily injury and causing serious bodily injury under 18 Pa.C.S. § 2702(a)(1) when it gave instructions to the jury?

Appellant's brief at 4.

Appellant was charged with two counts of aggravated assault, the first count being a violation of 18 Pa.C.S. §2702(a)(1):

§ 2702.  Aggravated assault.

(a)    Offense defined. –

A person is guilty of aggravated assault if he:

(1)    attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa.C.S. §2702(a)(1).

The law is established that, "Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be"

sustained only when the evidence supports a finding the defendant's actions toward the victim were "accompanied by the intent to inflict serious bodily injury." ***Commonwealth v. Alexander****,* 383 A.2d 887, 889 (Pa. 1978); ***see also Commonwealth v. Matthew***, 909 A.2d 1254 (Pa. 2006). Thus, if serious bodily injury results, the *mens rea* requirement is that the defendant may have acted knowingly, recklessly or intentionally; if no such injury occurred, a defendant must act with specific intent to cause such injury to be guilty of the crime.

Appellant contends that the trial court's aggravated assault instruction erroneously led the jury to believe that he could be convicted of this offense if he recklessly attempted to cause serious bodily injury. He points to three instances during the charge when the trial court incorrectly told the jury that an attempt to cause serious bodily injury could be based on a reckless attempt to cause serious bodily injury.

> In reviewing claims of improper or incorrect jury instructions,
>
> this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa.Super. 2014) (citations omitted).

Appellant first directs our attention to that portion of the charge where the court instructed the jury as follows. In describing the type of *mens rea* required, the court blurred the distinction between the situation where serious bodily injury actually results and where serious bodily injury was only attempted. The court advised the jury: "as you recall, I said the Defendant needs to intentionally, knowingly or recklessly under circumstances indicating an indifference to the value of human life cause or attempt to cause serious bodily injury." ***Id***. at 125.

A moment later, the court instructed the jury that

> You must find that the Defendant intentionally or knowingly or recklessly under circumstances manifesting an extreme indifference to the value of human life caused or attempted to cause serious bodily injury to the victim in this case.

N.T. Jury Trial, 8/6/14, at 126. According to Appellant, the court again commingled the attempt to cause serious bodily injury with causing serious bodily injury when it advised the jury:

> In order to find the Defendant guilty of this aggravated assault, you must find that the Commonwealth has proven beyond a reasonable doubt that the Defendant intentionally, knowingly or recklessly under circumstances manifesting an extreme indifference to the value of human life caused serious bodily injury or attempted to cause serious bodily injury.

***Id***. at 136.

Although the trial court subsequently clarified that an attempt required the intent to causes serious bodily injury and a substantial step

taken toward that end, *id*. at 137, Appellant contends that the instruction as a whole was confusing. Furthermore, the confusion was not harmless as Appellant received a self-defense instruction acknowledging that he used deadly force, *i.e.*, force capable of causing serious bodily injury. He argues that the aggravated assault charge incorrectly implied that the self-defense could be overcome if Appellant used a reckless amount of force sufficient to cause serious bodily injury, which was a lower threshold.

We agree with Appellant that the trial court's charge regarding aggravated assault impermissibly invited the jury to find Appellant guilty if he recklessly attempted to cause serious bodily injury. Counsel for Appellant registered an objection to the charge on this ground. However, after further discussion with Appellant, counsel advised the court that the instruction was acceptable as they wished to downplay the aggravated assault. *Id*. at 132. Nonetheless, the court decided to address Appellant's concern regarding the attempt to cause serious bodily injury portion of its charge. Counsel noted an exception for the record, explaining, "we are prepared to leave it as it is without rehashing all of them." *Id*. at 134. The trial court revisited the attempt to cause serious bodily injury language in § 2702(a)(2):

> There's another aspect to that also that he attempted to cause serious bodily injury. With regard to attempt, it's the same thing as intentional, it's that I want to cause serious bodily injury, and with regard to attempt, it's that I want to cause serious bodily injury and I do a substantial step towards causing that serious bodily injury.

You don't have to actually make a determination that serious bodily injury resulted, but that I wanted to cause serious bodily injury.

Go back to my analogy previously with regard to the aggravated assault. I take a baseball bat and I swing it at your head and you duck, didn't cause serious bodily injury, but I can tell you if I do that, and I would never do it, I'm attempting to cause serious bodily injury. That's the aggravated assault serious bodily injury.

*Id*. at 136.

We find that the aforementioned instruction corrected the trial court's earlier instruction that erroneously implied that an aggravated assault conviction could be based on a reckless attempt to cause serious bodily injury. Moreover, Appellant, by choosing to acquiesce in the court's earlier misstatement of the law, waived any claim that the trial court's charge as to the *mens rea* for an attempt to cause serious bodily injury constituted reversible error.[1] Hence, no relief is due.

_____

[1] After the jury was excused to begin its deliberations, it sent a note to the trial court asking it to "[p]lease define the states of mind and confirm that any one of them can cause guilt." *Id*. at 158. The court re-instructed the jury: ". . . any one of [the states of mind], intentional, knowing or reckless, with regard to the aggravated assault is fine. If you find any one of those states of mind for the first aggravated assault, that's sufficient." *Id*. at 160. "So the states of mind necessary for the first aggravated assault, intentionally, knowingly or recklessly, any one of those." *Id*. "With regard to the attempt to cause serious bodily injury, again, I want to cause serious bodily injury and serious bodily injury does in fact occur." *Id*. at 162. Appellant did not object or renew his earlier objection to this instruction.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2015