J. S12034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JORDAN ALEXANDER SCHRAUGER, | : | No. 1475 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 14, 2017,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0002888-2016

BEFORE:  LAZARUS, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 03, 2018**

Jordan Alexander Schrauger appeals from the August 14, 2017 judgment of sentence of 5 to 10 years' imprisonment imposed plus 5 years' probation following his convictions in a jury trial of aggravated assault, simple assault, false imprisonment, recklessly endangering another person, and harassment.[1]  The Court of Common Pleas of Berks County determined that the simple assault, recklessly endangering another person, and harassment merged into the aggravated assault conviction.  After careful review, we affirm.

The trial court summarized the relevant facts, as follows:

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2903, 2705, and 2709(a)(1), respectively.

On June 5, 2016, Elizabeth Beaulac had an altercation with her fiancé, [appellant], who physically assaulted her. They were out drinking and when they got home, [appellant] wanted to have sex with Ms. Beaulac. She said no. [Appellant] slapped her with an open hand across the back of the head. While Ms. Beaulac was trying to get away from [appellant], he grabbed her hair and pulled her back onto the bed. He then kept her confined to the bedroom for up to a half an hour [sic], during which time Ms. Beaulac asked him to let her go. [Appellant] eventually relented and let her out of the bedroom. When she got into the living room, she tried to leave the apartment, but [appellant] stopped her and put his hands over her face and nose until she was unable to breathe. He released her but he then punched her about six times in the right eye causing a laceration under her eye, a lump, and a contusion. At some point[,] he stopped and called 911. [Appellant] then fled the apartment. When the police arrived, Ms. Beaulac gave a short account of what happened to Officer Hoppes and then she was taken to the hospital by her father.

Trial court opinion, 11/16/17 at 2.

At sentencing, appellant moved for extraordinary relief and sought acquittal for aggravated assault. The trial court denied the motion and sentenced appellant. On August 24, 2017, appellant filed a post-sentence motion that the trial court denied on August 28, 2017. Appellant filed a notice of appeal on September 21, 2017. On October 24, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on November 9, 2017. On November 20, 2017, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review:

A. Whether the evidence presented at trial was insufficient to support a guilty verdict on the F-1 Aggravated Assault charge, where the Commonwealth, when proceeding on the theory that [a]ppellant attempted to cause serious bodily injury to Elizabeth Beaulac, failed to establish, beyond a reasonable doubt, that [a]ppellant engaged in conduct that constituted a substantial step toward causing serious bodily injury and that [a]ppellant had specific intent to cause serious bodily injury to Ms. Beaulac[?]

B. Whether the [trial] [c]ourt erred by not granting a new trial on the basis that the guilty verdict F-1 Aggravated Assault charge was contrary to the weight of the evidence presented at trial, where Ms. Beaulac's testimony was inconsistent and incredible, as she testified to several significant aspects of the incident at the time of trial, but failed to report them when speaking to the police, and she also testified that she was hit with a closed fist at least 6 times, with most blows to the right eye, but the injuries were limited to a laceration under her eye and bruising[?]

Appellant's brief at 7.

Appellant's first issue challenges to the sufficiency of the evidence presented by the Commonwealth.

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a

crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."

Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014) (citations omitted).

Moreover, when applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted), *appeal dismissed*, 54 A.3d 22 (Pa. 2012).

The Crimes Code defines aggravated assault as when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

The parties and the trial court all agree that Elizabeth Beaulac ("Beaulac") did not suffer serious bodily injuries. A lack of serious injuries sustained by a victim, however, does not necessarily preclude the Commonwealth from charging a defendant with aggravated assault and being able to present sufficient evidence to warrant a conviction. "Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury." *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978); *see also Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa.Super. 2012) ("Where the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury.").[2]

In order to determine intent, the *Alexander* court established a totality of the circumstances test. Some of the factors that may be considered include (1) whether there was a disparity in size and strength between the defendant and the victim; (2) whether the defendant would have escalated the attack had he or she not been otherwise restrained; (3) whether the defendant was in possession of a weapon; and (4) whether

---

[2] "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." *Alexander*, 383 A.2d at 889, quoting 18 Pa.C.S.A. § 901(a).

the defendant made any statements indicative of his or her intent to "inflict further injury upon the victim." ***Alexander***, 383 A.2d at 889; ***see also Commonwealth v. Matthew***, 909 A.2d 1254, 1259 (Pa. 2006) (reaffirming the ***Alexander*** test);

In order to determine whether appellant acted with the intent to inflict serious bodily injury upon the victim, we shall consider the circumstances of the attack. First, the evidence of record established that appellant was much larger than Beaulac. Beaulac testified that appellant was "a lot bigger than me." (Notes of testimony, 8/8/17 at 54).[3] Appellant escalated the attack because he initially used force by pushing Beaulac back on a bed to keep her from leaving the room they occupied, later he moved on to suffocating and punching Beaulac. (***Id.*** at 52-56). In fact, when appellant covered Beaulac's nose and mouth so that she could not breathe, Beaulac "thought that was it." (***Id.*** at 54.) Appellant did not stop the onslaught until Beaulac was bleeding profusely and said, "You broke my face; what did you do?" (***Id.*** at 56.)

After considering the totality of the circumstances, we determine that the Commonwealth presented sufficient evidence to support appellant's conviction of aggravated assault.

---

[3] In the Police Criminal Complaint, appellant is listed at 5 feet 11 inches and 240 pounds.

Appellant next contends that the guilty verdict on the aggravated assault charge was contrary to the weight of the evidence.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> *Commonwealth v. Kim*, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. *Commonwealth v. Davis*, 799 A.2d 860, 865 (Pa.Super. 2002).

*Commonwealth v. Jarowecki*, 923 A.2d 425, 433 (Pa.Super. 2007).

Here, appellant argues that the verdict was contrary to the weight of the evidence because Beaulac's testimony was inconsistent and incredible as she testified to several significant aspects of the incident at the time of trial but failed to report them when speaking to the police and she also testified that she was hit with a closed fist at least six times, with most blows to the right eye, but the injuries were limited to a laceration and bruising.

Appellant invites us to assess witness credibility and reweigh the evidence to convince us to reach a different result than the jury reached. We decline to do so. The jury, as fact-finder, had the duty to determine the credibility of the testimony and the evidence at trial. ***Commonwealth v. Talbert***, 129 A.3d at 536 (Pa.Super. 2015), ***appeal denied***, 138 A.3d 4 (Pa. 2016). Appellate courts cannot and do not substitute their judgment for that of the fact-finder.

Our review of the record supports our conclusion that the trial court properly exercised its discretion in denying appellant's weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2018