J-S43028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRISTAN VINCENT ROGERS | : | |
| | : | |
| Appellant | : | No. 1870 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004021-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 10, 2019**

Appellant, Tristan Vincent Rogers, appeals from the May 30, 2018 Judgment of Sentence entered in the Dauphin County Court of Common Pleas following his jury conviction of Aggravated Assault, Persons Not to Possess Firearms, Simple Assault, and Recklessly Endangering Another Person ("REAP").[1] Appellant challenges the sufficiency and weight of the evidence supporting his convictions. After careful review, we affirm.

We glean the following factual and procedural history from the trial court opinion and our review of the certified record. On June 12, 2016, the Victim was sitting with his young niece and nephew in his living room while his sister was cooking breakfast in the kitchen. Suddenly, a pillow was placed over the

---

[1] 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 6105(a)(1); 18 Pa.C.S. § 2701(a)(1); and 18 Pa.C.S. § 2705, respectively.

---

*   Former Justice specially assigned to the Superior Court.

Victim's head. The Victim called for his sister. When she entered the living room, she saw Appellant, whom she knew from school and the neighborhood, pointing a gun at the Victim. Her children were sitting next to the Victim. Appellant then pointed the gun at the Victim's sister and instructed her to sit down. After she sat down, Appellant shot the Victim in his left thigh. The children ran to their mother, who took them upstairs and called police.

Corporal Josh Hammer of the Harrisburg Police Department arrived at the Victim's house. He observed the Victim on the grass, near the sidewalk, with a gunshot wound in his left thigh and in obvious pain. The Victim's sister eventually identified Appellant from a photo array as the shooter.

A jury trial commenced on May 21, 2018. The Commonwealth presented the testimony of, *inter alia*, the Victim, his sister, and Corporal Hammer.[2] The jury convicted Appellant of one count each of Aggravated Assault, Persons Not to Possess Firearms, and Simple Assault, and two counts of REAP. On May 30, 2018, the court sentenced him to an aggregate term of eleven to twenty-two years of incarceration.

Appellant filed a *pro se* Motion to Modify and Reduce Sentence, in which he challenged the sufficiency of the evidence. On October 11, 2018, the trial court denied Appellant's Motion.

_____

[2] Appellant's probation officer also testified, stating that Appellant's electronic monitoring bracelet was not working on the day of the incident and that Appellant called him the next day to tell him "something bad" had happened. Trial Ct. Op., dated 12/31/18, at 3-4.

- 2 -

This timely counseled appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues on appeal, which we have reordered for ease of disposition:

1. [Appellant] was never identified as the shooter by the victim. The count of possession of a firearm prohibited requires the Commonwealth to prove that [Appellant] (a) possessed a firearm and (b) was disqualified from possessing a firearm. The two counts of recklessly endangering another person require the Commonwealth to prove that [Appellant] recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury. Was there sufficient evidence for the count of possession of a firearm and the two counts of recklessly endangering another person?

2. The Commonwealth failed to present evidence of serious bodily injured caused by [Appellant]. Additionally, [Appellant] was never identified as the shooter by the victim. Aggravated assault requires the Commonwealth to prove that [Appellant] attempted to cause, or caused, seriously bodily injury to another person intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to human life.

3. The victim did not identify [Appellant] as the shooter. The victim's sister did not initially identify [Appellant] as the shooter and only did so after discovering the victim was charged with a crime stemming from a search of the victim's residence. Were the convictions for possession of a firearm prohibited, simple assault and recklessly endangering another person against the weight of evidence?

4. The victim did not identify [Appellant] as the shooter. The victim's sister did not initially identify [Appellant] as the shooter and only did so after discovering the victim was charged with a crime stemming from a search of the victim's

residence. Was the conviction for aggravated assault against the weight of evidence?

Appellant's Br. at 4-6.

In his first two issues, Appellant claims that the Commonwealth's evidence was insufficient to support his convictions.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer,*** 744 A.2d 745, 751 (Pa. 2000). "Our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchinson,*** 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted).

In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May,*** 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller,*** 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

In his first issue, Appellant argues that the Commonwealth failed to prove that he possessed a firearm because the Victim did not identify him as

the shooter. Appellant's Br. at 29-34. Therefore, he asserts his Persons Not to Possess Firearms and REAP convictions cannot be sustained. *Id.* We disagree.

To sustain a conviction for the crime of Persons Not to Possess Firearms, the Commonwealth must prove that a defendant possessed a firearm and that he had been previously convicted of an enumerated offense that prohibits him or her from possessing, using, controlling, or transferring a firearm. 18 Pa.C.S. § 6105.

"A person commits [REAP] if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. "[D]ischarging [ ] a weapon numerous times in the vicinity of others constitutes a sufficient danger to satisfy the REAP statute." **Commonwealth v. Hartzell**, 988 A.2d 141, 144 (Pa. Super. 2009).

Although the Victim did not identify Appellant as the shooter, the Victim's sister testified that she witnessed Appellant point a gun at the Victim and shoot him while her children were sitting next to him. N.T. Trial, 5/21/18, at 32-33, 40.

Our review of the certified record in the instant case supports the trial court's conclusion that, in viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence to enable the jury to conclude that Appellant possessed a firearm. Trial Ct. Op., dated 12/31/18, at 7. We, thus, conclude

that Appellant is not entitled to relief on his claim that his Persons Not to Possess Firearms and REAP convictions cannot be sustained.

In his second issue, Appellant contends that his Aggravated Assault conviction cannot be upheld because the Commonwealth failed to prove that he was the shooter, that the Victim sustained serious bodily injury, or that he had the intent to cause serious bodily injury. *Id.* at 18-23, 33.

Under Pennsylvania law, "a person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). As applied to the offense of Aggravated Assault, "serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

The Commonwealth may establish the intent to cause serious bodily injury by wholly circumstantial evidence. In other words, the factfinder may infer intent from attendant circumstances or the defendant's acts or conduct. **Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa. Super. 2008). For example, a factfinder may infer intent to cause serious bodily injury from

a defendant's firing of a gun.[3] **Commonwealth v. Matthews**, 870 A.2d 924, 929 (Pa. Super. 2005) (*en banc*); **Commonwealth v. Galindes**, 786 A.2d 1004, 1012 (Pa. Super. 2001).

The Victim testified that he was shot in his upper left leg, which resulted in two holes in his leg. N.T. Trial, 5/21/18, at 65. Corporal Hammer stated that when he arrived at the Victim's house on June 12, 2016, he observed the Victim in obvious pain, shot in his left thigh. **Id.** at 25. Thus, the Commonwealth presented sufficient evidence that the shooter intended to inflict serious bodily injury.

Additionally, as discussed above, the Commonwealth presented sufficient evidence to establish that Appellant was the shooter. **See supra** at 5.

Therefore, we agree with the trial court that, when viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence is sufficient for the jury to conclude that Appellant was the shooter and had the intent to cause serious bodily injury. **Galindes**, 786 A.2d at 1012; **Matthews**, 870 A.2d at 929. Accordingly, Appellant is not entitled to relief on this claim.

---

[3] Appellant's reliance on **Commonwealth v. Alexander**, 383 A.2d 887 (Pa. 1978) to contend that the Commonwealth failed to prove intent is to no avail. **See** Appellant's Br. at 20-21. In **Alexander**, the Pennsylvania Supreme Court concluded that a single punch to the head, without more, is insufficient to establish intent to cause serious bodily injury. 383 A.2d at 889. Because Appellant here shot the victim, **Alexander** is factually and legally distinguishable.

In his third and fourth issues, Appellant challenges the weight of evidence supporting his convictions, contending, *inter alia*, that the Victim's sister's testimony contained inconsistencies. Appellant's Br. at 25-28, 35-40.

Before we reach the merits of Appellant's weight claims, we must determine whether Appellant has preserved them for appellate review. A weight of the evidence claim must be raised before the trial court pursuant to Pa.R.Crim.P. 607(A), or it will be waived. ***See Commonwealth v. Kinney***, 157 A.3d 968, 972 (Pa. Super. 2017) (holding that because defendant failed to raise a challenge to the weight of the evidence before the trial court in either an oral or written motion for a new trial, he waived this claim for appeal).

Our review of the record reveals that Appellant did not properly raise the weight of the evidence issues before the trial court, either orally on the record before sentencing, in a written pre-sentence motion, or in a post-sentence motion.[4] ***See*** Pa.R.Crim.P. 607(A). Accordingly, the weight of evidence claims are waived.

---

[4] We note that Appellant did file a Post-Sentence Motion. However, contrary to the contention in his Brief, ***see*** Appellant's Br. at 25, he did not challenge the weight of the evidence. Rather, Appellant challenged only the sufficiency of evidence supporting his Aggravated Assault Conviction. ***See*** Motion to Modify and Reduce Sentence, dated 6/4/18.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019