J-S36016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :  PENNSYLVANIA
                                         :
              v.                          :
                                         :
                                         :
DUSTIN ANDREW SCOTT         :
                                         :
          Appellant          :  No. 421 MDA 2019

Appeal from the PCRA Order Entered February 14, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000411-2015

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:        **FILED SEPTEMBER 24, 2019**

      Appellant, Dustin Andrew Scott, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.[1]  We affirm.

      This appeal stems from charges filed against Appellant due to an altercation with his then-pregnant girlfriend.  Following a jury trial, Appellant was convicted of aggravated assault and simple assault.[2]  On March 3, 2016, he was sentenced to an aggregate term of seven to fourteen years of imprisonment.  Sentencing Order, 3/4/16, at 1.  Appellant filed a direct

_____

[1] We note that the Commonwealth has failed to file a brief in this matter.

[2] 18 Pa.C.S. §§ 2702(a)(1) and 2701(a)(1), respectively.  The simple-assault conviction merged with the aggravated-assault conviction.  Sentencing Order, 3/4/16, at 1.

_____

*   Retired Senior Judge assigned to the Superior Court.

appeal, and this Court affirmed the judgment of sentence on April 11, 2017. Appellant's request for allowance of appeal was denied by the Supreme Court on September 6, 2017. **Commonwealth v. Scott**, 169 A.3d 1154, 464 MDA 2016 (Pa. Super filed April 11, 2017), *appeal denied*, 170 A.3d 1029, 251 MAL 2017 (Pa. filed September 6, 2017).

On March 5, 2018, Appellant filed the instant PCRA petition. Counsel was appointed and an amended petition was filed on July 31, 2018. A hearing was held on Appellant's petition on October 30, 2018. On February 14, 2019, Appellant's PCRA petition was denied. Appellant filed his notice of appeal on February 27, 2019. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue for our review: "Whether the PCRA Court erred in finding that Appellant's trial counsel was not ineffective in representing Appellant at trial where trial counsel admitted to providing almost no preparation to Appellant prior to his testimony at trial?" Appellant's Brief at 2. The thrust of Appellant's claim is that trial counsel was ineffective for failing to prepare Appellant to testify at trial. *Id.* at 3-5. The primary basis for this claim is the heated verbal argument Appellant had with the District Attorney during cross-examination. *Id.* at 9. Appellant argues that counsel's failure to prepare him to testify resulted in this argument, and the argument had a negative impact on the jury's conviction of Appellant. *Id.* at 7-10. Appellant maintains that because an attorney has an obligation to

prepare for trial and prepare witnesses for trial, it is beyond question that his claim that Attorney Wencker failed to prepare Appellant for trial has arguable merit. *Id.* at 8. Appellant also argues that counsel's asserted reason for failing to prepare Appellant for trial lacked a strategic basis. *Id.* at 8-9. Furthermore, Appellant contends that counsel's failure to prepare Appellant prejudiced Appellant. *Id.* at 9-10.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Our Supreme Court has explained the following in addressing an ineffective assistance of counsel claim:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

- 3 -

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011).

With regard to the second, reasonable-basis-prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012).

A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

In addressing Appellant's claim, the PCRA court explained:

> In his Amended PCRA Petition and in his testimony at hearing [Appellant] stated that the basis for relief was the competency of his trial attorney, and more specifically his failure to prepare him to testify. The factual basis for the claim that the trial counsel was ineffective was the brouhaha that developed at trial between [Appellant] and the District Attorney during cross examination. The confrontation between [Appellant] and the DA

- 4 -

became heated enough that the trial judge excused the jury in order to give [Appellant] the opportunity to cool down and collect himself.

In his direct testimony at the PCRA hearing, [Appellant] testified he had only met twice at the jail with his court appointed attorney Christopher B. Wencker, Esquire. He was never advised he said that it would be necessary for him to testify. He agreed that although he was honest he did not present well to the jury. He related that the DA was trying to portray him as [a] woman beater, and he was trying to refute that characterization which he said, the DA knew was not true. "That's when things started going south. Once he knew he had me on the hook he just kept firing at me." He was upset, he said, at being called a woman beater and agreed that the examination became very heated with him and the DA yelling back and forth.

Attorney Wencker testified he has eighteen years of experience defending clients accused of committing crimes. His time records with respect to his representation of [Appellant] were received into evidence. They indicate Mr. Wencker spent twenty-seven (27) hours on this case. The records show meetings with [Appellant] at the jail as well as at the courthouse. The records also reflect telephone contact with [Appellant] as well as meetings with [Appellant's] mother.

Mr. Wencker testified he pursued two defenses. First, he said, he tried to establish facts that would allow successful argument that Commonwealth v Alexander, 477 Pa. 190, [383] A. 2d[] 887 (1977)[3] was applicable. Alternatively, and more realistically, Attorney Wencker said the defense proceeded on the theory that [Appellant] did not have the specific intent to inflict serious bodily injury. This defense, he pointed out, almost [always] requires a defendant to testify concerning his lack of *mens rea*.

Mr. Wencker testified that he advised [Appellant] of his need to testify. He also related that he gave [Appellant] some general

---

[3] In **Alexander**, our Supreme Court held that evidence that the victim sustained a broken nose as a result of a single blow delivered by the defendant was insufficient to suggest a conviction of aggravated assault. **Alexander**, 383 A.2d at 888-890.

instructions about testifying. Thus he said "I told him... to answer truthfully, to speak out loud, to wait a moment after he hears a question[], to think about it and think about the answer, to gather his thoughts and try and calm down a bit before he answers."

Mr. Wencker agreed that [Appellant's] testimony was calamitous.

* * *

The testimony of [Appellant] that he was not prepared to testify was refuted by the testimony of Attorney Wencker who we find was far more credible.

PCRA Court Opinion, 2/14/19, at 4-6 (internal citations omitted).

The PCRA court accurately summarized the testimony at the PCRA hearing. Accordingly, we are constrained to conclude that there is no arguable merit to Appellant's claim of counsel's ineffectiveness. As the PCRA court noted, the evidence reflects that counsel met with Appellant on multiple occasions prior to trial. Despite Appellant's assertions that counsel did not prepare him for the possibility that he may have to testify at trial, Attorney Wencker stated that he told Appellant on many occasions that he may have to testify depending on how the trial progressed. N.T., 10/30/18, at 6-8. We note that the PCRA court found the testimony of Attorney Wencker to be more credible than Appellant's testimony.

Furthermore, counsel explained that he advised Appellant regarding how to testify:

I told him that he may have to testify and if he does so, to answer truthfully, to speak out loud, to wait a moment after he hears a question, to think about it and think about the answer, to gather his thoughts and try and calm down a little bit before he answers.

- 6 -

I always tell people it's natural to be a little nervous when you have to testify in court because it's his life that is on the line, I guess, at that point. But that also gives me the opportunity to object in case there is something objectionable about the question.

N.T., 10/30/18, at 8. Counsel stated that he generally did not put individuals testifying through a mock cross-examination because he did not "like to sand paper witnesses too much because in my experience it never comes across very well. They end up sounding rehearsed, and I don't feel like I can mimic the questions that are going to be asked by the D.A." *Id.* at 8. In defining "sand paper a witness," counsel explained:

That's the phrase that at least I have used in the past that refers to taking the rough edges off of somebody's testimony or presentation as though you're sand papering a rough piece of wood so that it is smoother and more polished and in better shape. I don't like to do that. In my experience it is counter productive.

*Id.* at 9.

Furthermore, at the PCRA hearing, PCRA counsel asked Attorney Wencker: "Did you discuss at any point with [Appellant] him needing to maintain his demeanor when he testified?" N.T., 10/30/18, at 9. Attorney Wencker responded: "I don't know that I did. Having met with [Appellant] the times that I had, he always struck me as being somebody who was fairly level headed. I didn't think it would be necessary." *Id.* Thus, the evidence supports the conclusion that Attorney Wencker advised Appellant as to the possibility that he may have to testify at trial, and that he prepared Appellant,

to the extent necessary, for that possibility. Accordingly, there is no arguable merit to Appellant's claim.

Although failure to establish any one prong for a claim of ineffectiveness defeats such a claim, *Williams*, 863 A.2d at 513, we note that Appellant has failed to establish the remaining two prongs as well. With regard to the second prong of the ineffectiveness claim, we observe that Attorney Wencker's strategy of having Appellant testify had a reasonable basis. *Washington*, 927 A.2d at 594. Counsel was attempting to establish that Appellant lacked the *mens rea* to inflict serious bodily injury, thereby defeating the charge of aggravated assault. *See* 18 Pa.C.S. § 2702(a)(1) (Under the Crimes Code, a person may be convicted of aggravated assault if he or she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life."). Thus, trial counsel had Appellant testify that he did not intend to cause serious bodily injury to the victim. As outlined, counsel testified that he had prepared Appellant for the possibility of having to testify. Counsel therefore had a reasonable basis for his strategy despite Appellant's claim that counsel had not prepared him to testify. Appellant accordingly failed to establish the second prong of his ineffectiveness claim.

Furthermore, Appellant has failed to establish that he was prejudiced by any alleged failure of counsel to prepare him to testify. Even if Appellant had not engaged in the argument with the District Attorney, it is unlikely that the

outcome of the trial would have been different. ***Reed***, 42 A.3d at 319. The testimony of the other witnesses, including the victim and the doctors who testified regarding the victim's shattered jaw which resulted from Appellant's actions, was sufficient to establish the elements of a conviction for aggravated assault. N.T., 1/19/16, at 18-39, 73-82, 94-108. Thus, Appellant has failed to establish the third prong of his ineffective assistance of counsel claim. ***Rega***, 933 A.2d at 1018. Accordingly, Appellant's ineffectiveness claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/24/2019