J-S04029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.L., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1382 EDA 2024 |

Appeal from the Dispositional Order Entered March 27, 2024
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-JV-0000132-2024

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 10, 2025**

Appellant, J.L., a minor, appeals from the dispositional order entered on March 27, 2024, adjudicating him delinquent of aggravated assault, conspiracy to commit aggravated assault, simple assault, and recklessly endangering another person. Upon review, we affirm.

On January 12, 2024, the victim, E.R., was contacted by a female who said that Appellant and his friend, M.E., wanted to hang out with E.R. at Hancock Playground. N.T. Hearing, 3/27/24, at 7-8. When the victim arrived, the female and M.E. were already there and began talking with him. *Id.* at 8. Appellant and his friends arrived at the playground shortly thereafter. *Id.* The victim said that he was sitting on the bench when "out of nowhere" Appellant and M.E. started hitting him from behind. *Id.* Appellant and M.E. repeatedly punched the victim in the head, shoulder, ribs and on his side. *Id.* at 10-11. The victim ducked his head down between his legs and put his arms

next to his head to protect himself. *Id.* Less than a minute later, Appellant and M.E. stopped punching, and E.R. was able to run away. *Id.* 11, 22.

The entire incident was recorded on a bystander's cell phone and was played for the juvenile court. *See* Commonwealth's Exhibit 1. The video showed the victim seated on a bench talking to a male and female. There were multiple people standing by. Out of nowhere, Appellant walked up behind E.R. and punched him on the right side of his face. Appellant continued to strike E.R. in the head area approximately 30 times, landing blows to the top and side of his unprotected head. Appellant then kicked E.R. in the top of the head with such force that his cell phone fell out of his pocket. When E.R. went to grab his cell phone, Appellant struck him approximately six more times in the head and face. E.R., thinking Appellant was done, started to release his defensive position when Appellant struck him again. Fortunately, E.R. only sustained a broken nose and bruising on his face, head, and legs. N.T. Hearing, 3/27/24, at 15-16.

On January 23, 2024, the Commonwealth filed a delinquency petition alleging that Appellant committed the delinquent acts of aggravated assault, conspiracy, simple assault, and recklessly endangering another person. On March 27, 2024, following a hearing, the juvenile court adjudicated Appellant delinquent on all charges. Appellant was ordered to serve probation with curfew, and to complete the following: (1) write a 250-word apology letter; (2) attend school with no unexcused absences, lateness or suspensions; (3) random drug tests; and (4) obey his mother's rules of the home.

Appellant filed a post-dispositional motion, which was denied by operation of law. This appeal followed. Both Appellant and the juvenile court have complied with Pa.R.A.P. 1925. Appellant raises two issues for our review:

> A. Was the evidence insufficient to sustain a finding that [Appellant] committed or conspired to commit the offense of aggravated assault against E.R. where E.R. did not suffer serious bodily injury and the prosecution failed to prove that either [Appellant] or his co-conspirator agreed to cause or attempted to cause serious bodily injury?
>
> B. Should the conspiracy charge have been graded as a misdemeanor of the second degree as the evidence only supported a conspiracy to commit simple assault?

Appellant's Brief, at 3.

Appellant first challenges the sufficiency of the evidence to sustain his adjudications of aggravated assault and conspiracy to commit aggravated assault.[1] He contends that the Commonwealth failed to prove that he had specific intent to cause serious bodily injury to E.R. Appellant's Brief, at 10-17. Appellant argues that "[a] rational look at the assault would suggest that [Appellant and M.E.] intended to do exactly what they did: to scare E.R. and cause some scrapes and bruises. This behavior amounts to simple assault, not aggravated assault[.]" *Id.* at 14. He explains that "[t]he boys involved . . . are all school aged teenagers, not fully formed adults[,]" and that the

---

[1] Although Appellant's stated issue is a challenge to the sufficiency of the evidence for both aggravated assault and conspiracy, the argument section of his brief focuses on the specific intent element, or lack thereof, for attempted aggravated assault. As such, we will address only that issue.

video "show[ed] what violent bullying looks like[,]" but that "no one expects

one of the kids in that fight to be permanently disfigured or maybe die where

no guns are involved." *Id.* at 14-15.

Our standard of review is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-60 (Pa. Super. 2011) (*en banc*)

(internal citations omitted).

Appellant was adjudicated delinquent of aggravated assault:

(a)   Offense defined. – A person is guilty of aggravated assault
      if he:
                          * * * *
      (1) attempts to cause serious bodily injury to another, or
      causes such injury intentionally, knowingly or recklessly
      under circumstances manifesting extreme indifference to
      the value of human life

18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as impairment of

physical condition or substantial pain "which creates a substantial risk of death

or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301 (definitions).

Here, it is undisputed that E.R. did not suffer serious bodily injury. A broken nose, without more, does not constitute serious bodily injury. **See Commonwealth v. Alexander**, 383 A.2d 887, 889 (Pa. 1978). As such, we must determine whether Appellant attempted to inflict serious bodily injury upon the victim. This Court has explained:

> The Commonwealth, in sustaining an aggravated assault conviction, need only show the defendant attempted to cause serious bodily injury to another, not that serious bodily injury actually occurred. Attempt, for aggravated assault purposes, is found where the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another. The Commonwealth can establish specific intent from the circumstances surrounding the incident.

**Commonwealth v. Galindes**, 786 A.2d 1004, 1012 (Pa. Super. 2001), *appeal denied*, 803 A.2d 733 (Pa. 2002) (citations omitted). "Where the injury actually inflicted did not cause serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the [act] was accompanied by the intent to inflict serious bodily injury." **Alexander**, 383 A.2d at 889.

To determine whether Appellant possessed the requisite specific intent, we employ a totality of circumstances test. **See Commonwealth v. Matthew**, 909 A.2d 1254, 1257 (Pa. 2006). Our Supreme Court has provided

a list of non-exhaustive factors to consider in making the determination: (1) evidence of a significant difference in size or strength between the defendant and the victim; (2) any restraint on the defendant preventing him from escalating the attack; (3) the defendant's use of a weapon or other implement to aid his attack; and (4) his statements before, during, or after the attack which might indicate his intent to inflict injury. *Id.* at 1257.

We conclude that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to allow the fact-finder to conclude that Appellant intended to cause serious bodily injury when he attacked the victim from behind and repeatedly punched him in the head. Based on the totality of the evidence presented, the fact-finder could have found that Appellant intentionally acted in a manner which constituted a substantial or significant step toward perpetrating serious bodily injury upon the victim. ***See Galindes, supra.***

While it was difficult to determine a difference in size or strength between Appellant and the victim, the video shows that the victim was seated on a bench when Appellant and his co-conspirator attacked unprovoked from behind. The highly advantageous position of standing, coupled with the surprise attack, allowed Appellant to strike a seated E.R. from behind, who immediately took a defensive position, effectively trapping him on the bench without the ability to fight back. Appellant was not restrained, despite the person recording the video and others standing idly by and watching the attack unfold. Thus, there was nothing preventing Appellant from escalating

or continuing the attack. Appellant did not use a weapon in the attack. However, the video showed Appellant repeatedly punching the victim in the head, a vital part of the body, before delivering a kick to E.R. head, and then continued to strike him. E.R. testified that Appellant did not say anything before, during or after the attack, and believed he and Appellant were friends.

In addition to the **Matthews** factors, it is unfathomable to this Court that Appellant characterizes 40 plus punches and a kick to the victim's head area as merely "violent bullying" and does not evince an intent to inflict serious bodily injury. This is not a case of a single punch to the head. Nor is it a case of a mutual scuffle. Rather, Appellant and M.E. repeatedly and relentlessly struck the victim in the head while multiple bystanders watched, and recorded, the assault. The video shows Appellant striking the victim on the top of his head multiple times, which was left unprotected. We conclude that Appellant acted in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another. Thus, there was sufficient evidence to sustain Appellant's adjudication of the delinquent act of aggravated assault.

Appellant's second issue is an extension of his first – "Because . . . the evidence does not establish that the boys agreed to inflict serious bodily injury, it therefore does not establish that they agreed to – or conspired to – commit aggravated assault[,]" and the grading of the conspiracy charged should be lowered "to reflect the gradation of the offense they conspired to commit, simple assault[.]" **Id.** Essentially, Appellant concedes that he and

his co-conspirator agreed to commit simple assault, but not aggravated assault because there was no intent to inflict serious bodily injury.

Generally, conspiracy is graded the same "as the most serious offense which is attempted or solicited or is an object of the conspiracy." 18 Pa.C.S.A. § 905. Since aggravated assault is a felony of the first degree, then conspiracy to commit aggravated assault would also be a felony of the first degree. As discussed in detail, the evidence is sufficient to sustain Appellant's adjudication of delinquency for aggravated assault. Therefore, the delinquent act of conspiracy was properly graded as a felony of the first degree. No relief is due on this claim.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025