**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENTON | : | |
| | : | |
| Appellant | : | No. 3432 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009508-2016

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                      **FILED DECEMBER 1, 2020**

Appellant, Joshua Benton, appeals *nunc pro tunc* from the judgment of
sentence entered on December 4, 2017, in the Philadelphia County Court of
Common Pleas.  After review, we affirm.

The trial court summarized the relevant facts and procedural history of
this matter as follows:

### I. FACTUAL HISTORY

On January 14, 2016, then 61-year-old Charles Jackson was
riding the Broad Street line subway returning home from a
doctor's appointment. Notes of Testimony ("N.T.")[3], 08/21/2017,
at 12-13. Due to his bad knees, Mr. Jackson was unable to stand
for an extended amount of time. *Id.* at 13. The 21-year-old,
athletically built Appellant was already seated on board when Mr.
Jackson approached and asked him to move his small green bag
which was occupying a seat on the subway. *Id.* at 13, 54.
Appellant responded by telling Mr. Jackson to not "touch my shit."

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Id.* at 14. Appellant then stood up in front of Mr. Jackson and said "get the fuck out of my face." *Id.* When Appellant stepped aside, Mr. Jackson then slid into the seat, previously occupied by Appellant, by the window. *Id.* Appellant then sat directly behind Mr. Jackson. *Id.* at 31. At some point, Appellant moved next to the outer seat, where he continued to curse at Mr. Jackson. *Id.* at 15. As Mr. Jackson turned his head Appellant began "pummeling" his face. *Id.* at 16. Appellant beat him with both hands and struck him multiple times. *Id.* at 17. Mr. Jackson's head swung left and right like a "bobblehead." *Id.* Eventually, Appellant stopped hitting Mr. Jackson and walked to the rear of the subway car. Mr. Jackson was bleeding profusely from his nose, his foot as well as his eyes were hurting, and his knee was swollen. *Id.* at 20. He also received a lump on his head which he still has to this day. *Id.*

[3] The [t]rial [c]ourt heard the testimony of Mr. Jackson, Sgt. Horn, and the Appellant and watched the video of the incident. This Court found the Appellant incredible in his testimony.

Mr. Jackson testified he "got some pride" and rose to confront Appellant but found that he was unable to steady himself and stumbled. *Id.* at 18. Whilst he was bent over and trying to straighten his body, Appellant re-engaged Mr. Jackson and started to beat him in the face again, knocking him down. *Id.* at 18, 21, 32, 39. Due to his sore knees, Mr. Jackson could not quickly move. *Id.* at 18. Once again Appellant ran to the other side of the train, and, again, Mr. Jackson turned to face him. *Id.* For a third time, Appellant approached Mr. Jackson and beat him in his head and face. *Id.* During the altercation, Mr. Jackson lost his shoe and went to retrieve it. At that moment, Appellant ran off the subway but not before taunting Mr. Jackson by stating, "look at you, you're all bleeding and everything." *Id.* at 19. The victim had injuries to his nose as well as his mouth and he was covered in blood. *Id.* at 43. Mr. Jackson received so many injuries to his face that he could not recall if he was additionally injured in the second and third attack. *Id.* at 21.

Because of the amount of blood, the conductor stopped the train. *Id.* at 23. Mr. Jackson was taken to Hahnemann Hospital where he was treated and released. *Id.* at 23-24. For the next couple of days, Mr. Jackson was unable to breathe until a large blood clot discharged from his nose. *Id.* at 25.

- 2 -

## II. PROCEDURAL HISTORY

Appellant was held for court on October 11, 2016. On August 21, 2017, Appellant proceeded via non-jury trial and was found guilty of Aggravated Assault and related charges.[1] On December 14, 2017, he was sentenced to 6 (six) to 12 (twelve) years of state incarceration.[2] Post[-]sentence motions were not filed, and no direct appeal was taken. On November 29, 2018, Appellant filed a Petition for Post-Conviction Relief. Appellant's direct appellate rights were reinstated by agreement on November 4, 2019. A timely appeal was filed on December 2, 2019.

Trial Court Opinion, 6/8/20, at 2-3. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

A. Did the trial court err, when it found that there was sufficient evidence to prove, beyond a reasonable doubt, that Appellant … was guilty of the criminal offense of aggravated assault (f1) (18 Pa.C.S.A. § 2702 (a) (1)), as [Appellant] did not cause the complainant to suffer serious bodily injury, nor did [Appellant] attempt to cause serious bodily injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life?

Appellant's Brief at 2 (full capitalization omitted).

_____

[1] The trial court adjudged Appellant guilty of aggravated assault, simple assault, recklessly endangering another person, harassment, and disorderly conduct. 18 Pa.C.S. §§ 2702(a)(1), 2701(a), 2705, 2709(a)(1), and 5503(a)(1), respectively. At trial, Appellant admitted his guilt with respect to simple assault, recklessly endangering another person, harassment, and disorderly conduct. N.T. (Trial), 8/21/17, at 10-11. The sole issue at trial was whether Appellant possessed the requisite intent necessary to establish the crime of aggravated assault. *Id.*

[2] The trial court sentenced Appellant solely on the aggravated assault conviction. N.T. (Sentencing), 12/4/17, at 24.

We review a challenge to the sufficiency of the evidence under the following parameters:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011) (citation omitted).

The crime of aggravated assault is set forth at 18 Pa.C.S. § 2702 and provides, in relevant part, as follows:

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
>
> > (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent

disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant contends that the evidence was insufficient to support his conviction of aggravated assault. Appellant's Brief at 11. The thrust of Appellant's argument is that the Commonwealth failed to prove Appellant caused or attempted to cause serious bodily injury. *Id.*

At trial, the Commonwealth conceded that the victim did not sustain serious bodily injury. N.T. (Trial), 8/21/17, at 47. Rather, the Commonwealth's theory of the case was that Appellant intended to and did attempt to cause Mr. Jackson serious bodily injury as defined in 18 Pa.C.S. § 2702(a). *Id.* at 47-48.

An "'attempt' is found where an 'accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.'" *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (quoting *Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005)). "An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." *Id.* (citation omitted).

> The Pennsylvania Supreme Court in *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978)[,] created a totality of the circumstances test to be used to evaluate whether a defendant acted with the necessary intent to sustain an aggravated assault conviction. In *Commonwealth v. Matthew*, 589 Pa. 487, 909 A.2d 1254 (2006), that Court reaffirmed the test and articulated the legal principles which apply when the Commonwealth seeks to prove aggravated assault by showing

- 5 -

that the defendant attempted to cause serious bodily injury. Specifically, the Court stated, in relevant part, that:

> *Alexander* created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury. *Alexander* provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. *Alexander*, at 889. *Alexander* made clear that simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.
>
> *Matthew*, 909 A.2d at 1257 (citation and quotation marks omitted). The Court indicated that our case law does not hold that the Commonwealth never can establish a defendant intended to inflict bodily injury if he had ample opportunity to inflict bodily injury but did not inflict it. Rather, the totality of the circumstances must be examined as set forth by *Alexander*. *Id.*

*Fortune*, 68 A.3d at 984. Moreover, because direct evidence of the assailant's intent is often unavailable, intent to cause serious bodily injury may be shown by the circumstances surrounding the attack. *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citing *Commonwealth v. Caterino*, 678 A.2d 389 (Pa. Super. 1996)). In determining whether the attendant circumstances prove intent, the fact finder is free to conclude "the accused intended the natural and probable consequences of his actions to result

therefrom." *Id.* (citing *Commonwealth v. Rosado*, 684 A.2d 605, 608 (Pa. Super. 1996)).

> Circumstances deemed probative in this inquiry have included evidence that the assailant was disproportionately larger or stronger than the victim, that the assailant had to be restrained from escalating his attack, that the assailant had a weapon or other implement to aid his attack, or that the assailant made statements before, during, or after the attack which might indicate his intent to inflict further injury. *Commonwealth v. Alexander*, 477 Pa. 190, 194, 383 A.2d 887, 889 (1978). Depending on the circumstances, "even a single punch may be sufficient." [*Commonwealth v. *]*Dailey*, 828 A.2d [356] at 360 [(Pa. Super. 2003)]. *See also Alexander*, 477 Pa. at 194, 383 A.2d at 889 ("We hasten to add that a simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.").

*Bruce*, 916 A.2d at 661-662.

In finding that the evidence was sufficient to prove that Appellant attempted to cause Mr. Jackson serious bodily injury, the trial court explained as follows:

> Here, the testimony by Mr. Jackson and the video evidence shown at trial, clearly evidenced that Appellant knew what he was doing when he intentionally, repeatedly struck Mr. Jackson with his fists. When Mr. Jackson asked Appellant to move his bag so that he may sit; Appellant told him "don't touch my shit and get the fuck out of my face." N.T. at 14. Appellant then purposefully moves to the seat directly behind Mr. Jackson. *Id.* After a few moments, he positions himself in the aisle next to the open seat he previously occupied and where Mr. Jackson was now seated. *Id.* at 15. Whilst standing next to the seated victim, he used both of his hands to "pummel his face." *Id.* at 16. By Appellant's own admission, Mr. Jackson, whom he was much faster than, never laid hands on him. *Id.* at 55.
>
> This [c]ourt believes that these facts alone would be enough to prove aggravated assault beyond a reasonable doubt. However,

the assault continued, and Appellant re-engaged Mr. Jackson not once, but two more times. During each of these times, Mr. Jackson was in a prone position when Appellant repeatedly struck the victim in the face and head. *Id.* at 18, 21, 32, 39. Indeed, to add insult to Mr. Jackson's injury, whilst disembarking from the subway, Appellant, in what this [c]ourt deemed to be him taking pride in the assaults and bragging about his "accomplishment," boasted "look at you, you're all bleeding and everything." *Id.* at 19.

The combination of the perceived disrespect by Appellant, the repeated threats of violence, the obvious disparity in age, strength, speed, and health, along with words that more violence would follow, elevated the attack on this elderly victim to the level of an aggravated assault. These facts satisfy the elements with sufficient evidence to support the conviction. ***See Commonwealth v. Bruce***, 916 A.2d 657, 663 (Pa. Super. 2007) (evidence was sufficient to show that the defendant intended to cause serious bodily injury to victim, so as to support conviction for aggravated assault, even though defendant used his bare hands to strike victim.)

Trial Court Opinion, 6/8/20, at 6-7.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court's conclusion. The record reflects that Appellant and Mr. Jackson were in the confines of a train car. N.T. (Trial), 8/21/17, at 54. Appellant was an athletically built, twenty-one year-old man. ***Id.*** Conversely, the victim in this case, Mr. Jackson, was in his sixties and had physical limitations including diabetes and problems with his knees that prevented him from standing and caused him to move slowly. ***Id.*** at 13, 18-20. Appellant waited for Mr. Jackson to turn his back, and he attacked Mr. Jackson from behind causing injuries to Mr. Jackson's head and face. ***Id.*** at 16. Appellant ceased his attack, but he then chose to assault the

victim again and struck Mr. Jackson repeatedly in the face and head. *Id.* at 18-20. Appellant again stopped hitting the victim; however, Appellant then re-engaged and began punching the already-injured victim in the head and face a third time. *Id.*

In sum, Appellant, who was younger, stronger, and faster, attacked Mr. Jackson from behind. Appellant assaulted Mr. Jackson three separate times, and on each occasion, Appellant repeatedly beat Mr. Jackson about the head, eyes, nose, and mouth. Under the totality of the circumstances, the evidence satisfied the elements of attempt—Appellant possessed the specific intent and acted in a manner constituting a substantial step toward causing serious bodily injury. *Fortune*, 68 A.3d at 984. Accordingly, we conclude the evidence was sufficient to prove Appellant guilty of aggravated assault. 18 Pa.C.S. § 2702(a)(1).

For the reasons set forth above, Appellant is entitled to no relief. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/01/2020