J-S24013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUJUAN ANDRE JACKSON | : | |
| | : | |
| Appellant | : | No. 1498 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 27, 2018
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000017-2017

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:　　　　　　**FILED: December 2, 2025**

Appellant Jujuan Andre Jackson appeals *nunc pro tunc* from the judgment of sentence imposed following his convictions for aggravated assault and related offenses.  On appeal, Appellant raises claims concerning the sufficiency and weight of the evidence and the discretionary aspects of his sentence.  We affirm.

The trial court summarized the underlying facts of this matter as follows:

On May 9, 2015, Sergeant Brian Cuscino was notified of a shooting involving the victim Hygeia Moss-Eggleston.  After conducting an initial investigation, the police learned the victim as well as other witnesses stated [Appellant] perpetrated the shooting.  Prior to the shooting, there was a personal conflict, which was not physical, between Julian Eggleston and [Appellant] that afternoon. [Appellant] called his girlfriend, whose cell phone was the subject of the dispute, and indicated an express desire to further escalate the conflict.  When Julian Eggleston and his children returned home later that day, [Appellant] possessed a handgun and sought Eggleston at his own home.  Witness testimony from multiple individuals presented at trial indicated [Appellant] was observed

walking toward the Eggleston residence where Julian Eggleston was standing on the porch, talking to his sister who was next door visiting. [Appellant] walked to an area a short distance from the porch of the Eggleston home. He then brandished a concealed handgun and discharged the weapon towards Julian Eggleston, who was standing on the porch. Mr. Eggleston's wife, Hygeia Moss-Eggleston, went onto the porch to see what was occurring and she was injured during the gunfire. It was not ascertained whether the injury was caused by a ricocheting bullet or a fragment from another object which was struck by a bullet.

[Appellant] was charged with criminal attempt to commit . . . homicide, two counts of aggravated assault, and firearms not to be carried without a license. The information also included the charge of persons not to possess, use, manufacture, control, sell or transfer firearms which was severed for the purposes of trial and was decided by the court as a bench trial. On September 21, 2018, the jury rendered a verdict of guilty for two counts of aggravated assault and one count of firearms not to be carried without a license. The jury was hung as to the charge of criminal attempt to commit . . . homicide, and a mistrial was declared. After a bench trial, this court rendered its verdict on September 21, 2018, and found [Appellant] guilty on the charge of persons not to possess, use, manufacture, control, sell or transfer firearms.

On November 27, 2018, [Appellant] was sentenced to a term of incarceration in a state correctional facility of not less than seven years nor more than twenty years for the [first] charge of aggravated assault; a term of incarceration of not less than seven years nor more than twenty years for the [second] charge of aggravated assault; a term of incarceration of not less than five years nor more than ten years for the charge of persons not to possess, use, manufacture, control, sell or transfer firearms; and a term of incarceration of not less than two and one-half years nor more than five years for the charge of firearms not to be carried without a license. All of those sentences were to be served on a consecutive basis for an aggregate sentence of not less than twenty-one and one-half years nor more than fifty-five years. [Appellant] was given credit for 748 days already served.

Trial Ct. Op., 12/6/24, at 2-3 (footnotes omitted and some formatting altered).

Appellant filed a timely post-sentence motion challenging the weight and sufficiency of the evidence, which the trial court denied. Appellant subsequently filed a timely notice of appeal. On appeal, a panel of this Court concluded that Appellant waived his challenges to the weight and sufficiency of the evidence by failing to include the trial court transcripts in the certified record. *Commonwealth v. Jackson*, 741 WDA 2019, 2021 WL 225629, at *2-3 (Pa. Super. filed Jan. 22, 2021) (unpublished mem.). Additionally, this Court stated that Appellant waived his challenge to the discretionary aspects of his sentence by failing to raise it at sentencing or in a post-sentence motion. *See id.*, 2021 WL 225629, at *4-5.

Thereafter, Appellant filed a Post-Conviction Relief Act[1] (PCRA) petition and the trial court reinstated Appellant's appeal rights *nunc pro tunc*.

Appellant then filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Whether the Commonwealth produce[d] sufficient evidence to convict Appellant of two counts of aggravated assault?

2. Whether the verdict of guilty of two counts of aggravated assault [was] against the weight of the evidence.

3. Whether the trial court manifestly abused its discretion in imposing a clearly unreasonable sentence in the aggregate of [twenty-one-and-a-half to fifty-five years'] incarceration.

_____

[1] *See* 42 Pa.C.S. §§ 9541-9546.

- 3 -

Appellant's Brief at 20 (some formatting altered).

## Sufficiency of the Evidence

In his first claim, Appellant challenges the sufficiency of the evidence supporting his convictions for aggravated assault. *Id.* at 28. Specifically, Appellant argues that "it is clear the Commonwealth has failed to produce sufficient evidence of intent to commit serious bodily injury" because witness testimony from Julian Eggleston shows that he was the aggressor, rather than Appellant. *Id.* at 29. Additionally, with respect to Hygeia Moss-Eggleston, Appellant argues that "[t]here is no evidence that [A]ppellant was even aware she had come out onto the porch during the exchange." *Id.* at 31. Therefore, Appellant concludes that the Commonwealth failed to demonstrate intent. *Id.* at 32.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with

the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Wright*, 255 A.3d 542, 552 (Pa. Super. 2021) (citation omitted and formatting altered). "Importantly, the fact finder, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Id.* (citation omitted and formatting altered).

Section 2702(a)(1) of the Crimes Code states that "[a] person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1).

Our Supreme Court has stated that the defendant's intent may be inferred from the circumstances surrounding an attack. *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978). Such factors include (1) whether the defendant "was disproportionately larger or stronger than the victim," (2) whether the defendant would have escalated his attack but was restrained from doing so; (3) whether the defendant possessed a weapon, and (4) "statements before, during, or after the attack which might indicate [defendant's] intent to inflict further injury upon the victim." *Id.* at 889.

Here, the trial court addressed Appellant's claim as follows:

- 5 -

The evidence presented at trial indicates [Appellant] had a personal conflict with Julian Eggleston earlier in the afternoon on May 9, 2015, which apparently arose concerning the possession of a cell phone. [Appellant] contacted his girlfriend, whose cell phone was the subject of the dispute, and indicated an express desire to further escalate the conflict. When Mr. Eggleston and his children returned home later that day, [Appellant] proceeded to Mr. Eggleston's house while concealing a firearm. When [Appellant] was a short distance away from Mr. Eggleston's porch, he brandished the firearm and discharged it toward Mr. Eggleston who was standing on the porch. Mr. Eggleston hid behind a porch column while the shots were being fired. Hygeia Moss Eggleston went onto the porch when she heard the commotion and she was struck by either a bullet or some other fragment.

It is apparent that evidence is sufficient to establish two counts of aggravated assault as there can be no question [Appellant] attempted to cause Mr. Eggleston serious bodily injury as they were in a conflict and [Appellant] walked to Mr. Eggleston's residence with the intent of escalating that conflict. [Appellant] then discharged a firearm in the direction of where Mr. Eggleston was standing. Similarly, the evidence demonstrates he also attempted to cause or caused serious bodily injury to Ms. Moss Eggleston as he continued to discharge the firearm toward the porch when she was present. This resulted in her being struck in the chest with either a bullet or some other fragment produced by the gunshots.

Trial Ct. Op. at 11-12 (some formatting altered).

Following our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the trial court's conclusion. *See Wright*, 255 A.3d at 552. As explained by the trial court, the Commonwealth presented witness testimony establishing that after a personal conflict between Appellant and Mr. Eggleston, Appellant brandished a firearm and began firing the weapon directly at Mr. Eggleston, who was on his front porch. *See* Trial Ct. Op. at 2-3. Mr. Eggleston's wife

Hygeia Moss-Eggleston, who exited the residence during the shooting, ultimately suffered a chest injury after Appellant continued to fire at Mr. Eggleston's residence. *See id.* On this record, we agree with the trial court that there was sufficient evidence demonstrating that Appellant intended to cause bodily injury to both victims when he used his firearm to fire directly at the residence while both individuals were outside. Therefore, Appellant is not entitled to relief.

**Weight of the Evidence**

Appellant also argues that his convictions for aggravated assault were against the weight of the evidence. Appellant's Brief at 33. Specifically, Appellant claims that "the testimony presented at trial was inconsistent with physical evidence and speculative." *Id.* In support, Appellant contends that the witness testimony was inconsistent as to the bullet's trajectory and where Appellant was standing when he fired the gun. *Id.* at 33-34.

In reviewing a challenge to the weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a

review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017)

(citations omitted).

As this Court has repeatedly stated,

[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Spence***, 290 A.3d 301, 311 (Pa. Super. 2023) (citations

omitted and formatting altered).

Here, the trial court explained that

the verdicts rendered by the jury in relation [to] the charges of aggravated assault were not against the weight of the evidence. The evidence presented at trial clearly demonstrates [Appellant] was the person who discharged the firearm toward the porch of the Eggleston residence. In fact, the Commonwealth presented

several witnesses who observed [Appellant] walking toward the residence and discharge the firearm as he had a conflict with Mr. Eggleston.

Trial Ct. Op. at 12 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court in rejecting Appellant's weight claim. *See Windslowe*, 158 A.3d at 712. Although Appellant claims that there were alleged inconsistencies in the witnesses' testimony, the jury was permitted to consider the evidence and resolve any alleged inconsistencies in the Commonwealth's favor. *See Spence*, 290 A.3d at 311. Therefore, Appellant is not entitled to relief on this issue.

## Discretionary Aspects of Sentence

Finally, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 37. Appellant argues that "[t]he entirety of the court[']s imposition of sentence statement is skewed with an ill will towards [A]ppellant, with improper factors considered and findings not supported by the record." *Id.* at 44. Specifically, Appellant asserts that "[t]he court improperly found that Hygeia Moss-Eggleston was shot by [A]ppellant and sentenced him on that basis" but that "[g]iven the testimony, physical evidence retrieved at the scene and actual injury suffered by Mrs. Moss-Eggleston a sentence of [twenty-one-and-a-half] years to [fifty-five] years [of incarceration] is wholly excessive and manifestly unreasonable." *Id.* Additionally, Appellant claims that the trial court failed to consider Appellant's remorse and also relied on other conduct by Appellant that did not result in a conviction. *Id.* at 42-43.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific

provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, as noted previously, Appellant failed to preserve his sentencing claim at the time of sentencing or in his post-sentence motion. ***See Jackson***, 2021 WL 225629, at *4-5. Further, the PCRA court's order did not grant Appellant leave to file a post-sentence motion *nunc pro tunc*, nor did he file one. ***See Commonwealth v. Liston***, 977 A.2d 1089, 1093-94 (Pa. 2009) (explaining that the reinstatement of a petitioner's direct appeal rights does not automatically reinstate his right to file a post-sentence motion *nunc pro tunc*). Therefore, we are constrained to conclude that Appellant waived his challenge to the discretionary aspects of his sentence. ***See id.*** Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Lane joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/2/2025